975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clarence A. TAYLOR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3039.
 United States Court of Appeals, Federal Circuit.
 July 14, 1992.
 
 Before NIES, Chief Judge, and RICH and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Clarence A. Taylor petitions for review of Merit Systems Protection Board decision, Docket No. AT08319110327, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied his request for an alternative form of annuity. We affirm.
 
 DISCUSSION
 
 2
 Taylor retired from federal service on February 17, 1990. On May 6, 1990, OPM sent Taylor a letter explaining the types of annuities that were available and an election form for him to complete and return.* On May 13, 1990, Taylor returned the form to OPM, having elected to receive "Option 1A--Regular Annuity." In addition to signing and dating the election form Taylor placed a check-mark next to the following statement: "I elect to receive the regular annuity benefit. I understand this election is irrevocable after the final adjudication of my claim." Pursuant to his election, Taylor's first regular monthly annuity check was dated July 1, 1990.
 
 
 3
 On October 13 and 15, 1990, Taylor wrote OPM stating that he had "improperly filled out" the election form. Taylor stated that he had not been aware of his mistake until speaking with an OPM official on October 12, 1990. Taylor submitted a new election form on December 27, 1990 selecting "Option 2--Alternative Annuity with Lump Sum Payment." OPM denied Taylor's request to change his election rights on the ground that he had not timely notified OPM that he wanted to change his annuity and presented justification for an extension. 5 C.F.R. § 831.2203(e)(2). On appeal to the Board, the Administrative Judge also determined that Taylor had "not presented a basis to waive the regulatory time limit." The Board denied Taylor's petition for review on September 24, 1991.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Pursuant to 5 C.F.R. § 831.2203(e)(2), a retired federal civil service employee "may elect an alternative form of annuity or revoke an election, provided he or she notifies OPM of the election or revocation, in writing, on or before the date of final adjudication." The date of final adjudication is defined as the "date 30 days after the date of the first regular monthly payment." 5 C.F.R. § 831.2202. Here, the final adjudication date and the deadline for Taylor to revoke his election was July 31, 1990, 30 days after Taylor's first regular monthly payment on July 1, 1990. Taylor does not contest that he failed to notify OPM that he desired to revoke his election until October. In his brief, Taylor argues that he made a mistake in selecting the wrong annuity election and that he was not financially able to afford legal help. The question, however, is not whether or how he made a mistake but why he delayed in seeking to correct it beyond the time allowed.
 
 
 5
 The Board determined that Taylor received adequate notice of election rights and the filing deadline for making a change yet failed to timely revoke his election. Taylor has not offered any reason for not complying with the time limit except he was "not aware of error." Having been fully advised of his options, he cannot assert that his unawareness was due to any fault of the government. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.
 
 
 
 *
 Pursuant to 5 C.F.R. § 831.2203(e)(1), OPM advised Taylor of the following three retirement options: (1) Option 1A, "Regular Annuity," affording him a monthly annuity of $1,032.00 and a monthly survivor annuity benefit of $617.00 for his widow; (2) Option 1B, "Regular Annuity If You Owe and Pay a Redeposit," which was inapplicable since Taylor did not owe a redeposit; and (3) Option 2, "Alternative Annuity With Lump Sum Payment," which would provide Taylor with a reduced monthly annuity benefit of $887.00, a monthly survivor annuity of $617.00 for his widow, and a $28,019.90 lump sum return of his retirement deductions